UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-62631

KEILEEN PRADA and YOLIED GALLARDO
on behalf of themselves and others similarly situated
under 29 U.S.C. 216(b)

    Plaintiff,

vs.

ALDO U.S., INC.

    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, KEILEEN PRADA ("PRADA") and YOLIED GALLARDO ("GALLARDO") (collectively referred to as "Plaintiffs"), bring this action on behalf of themselves and other current and former similarly situated employees against Defendant, ALDO U.S. INC., ("ALDO" or "Defendant") to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  In support thereof, Plaintiffs state as follows:

### PARTIES

1. PRADA worked for ALDO from approximately February 2015 until April 2016. PRADA originally worked as a store manager at ALDO's Dolphin Mall location in Dade County, Florida, and later was transferred to ALDO's Coral Square Mall location in Broward County, Florida.  PRADA was paid a salary of $770.00 per week.

2. GALLARDO worked for ALDO as a store manager from approximately December 2014 at its Dolphin Mall location in Dade County, Florida, and later transferred to the

International Mall located in Dade County, Florida where she worked until approximately April 2016. GALLARDO was paid a salary of approximately $770.00 per week during her employment with ALDO.

3. ALDO is a Foreign Corporation that conducts business in Broward County, Florida, which is within the jurisdiction of this Court.

4. ALDO, directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated employees at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiffs and other similarly situated employees.

5. At all times pertinent to this Complaint, ALDO regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

6. At all times pertinent to this Complaint, ALDO regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of ALDO was in excess of $500,000.00 per annum at all time material hereto.

8. At all times pertinent to this Complaint, ALDO was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

10. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has jurisdiction over ALDO, and in regard to Plaintiffs and any other plaintiffs joining this lawsuit in that the acts from which this lawsuit arise occurred in the Southern District of Florida.

11. Plaintiffs and other similarly situated non-exempt, salaried employees regularly worked overtime hours. ALDO, however, failed to compensate Plaintiffs and other similarly situated employees at time and one half their regular rates of pay for the overtime hours they worked.

12. Instead, ALDO only paid Plaintiffs and other similarly situated employees a set salary no matter how many hours they worked.

13. At all times pertinent to this Complaint, Plaintiffs and similarly situated employees performed duties such that they did not satisfy the requirements for any exemptions set forth in the FLSA.

14. Moreover, Plaintiffs and similarly situated employees did not satisfy the salary basis test necessary for the managerial or administrative exemptions of the FLSA that apply to their position.

15. At all times pertinent to this Complaint, ALDO failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiffs and other similarly situated employees for all of the hours they worked in excess of forty (40) in one or more workweeks.

16. The records, if any, concerning the number of hours actually worked and the compensation actually paid to the Plaintiffs and similarly situated employees are in the possession and custody of ALDO. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek

leave of the Court to amend the Complaint for damages to set forth the precise amount due to them.

17. ALDO knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs and similarly situated employees the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when it knew or should have known such was due.

18. ALDO failed to properly disclose or apprise Plaintiffs and similarly situated employees of their rights under the FLSA.

19. Plaintiffs and similarly situated employees are entitled to time and one half of their regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

20. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

21. Plaintiffs demand a jury trial.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

22. Plaintiffs re-allege paragraphs 1-21 above.

23. Plaintiffs and all other similarly situated employees are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

24. By reason of said intention, willful and unlawful acts of ALDO, Plaintiffs and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorneys' fees.

25. As a result of ALDO's willful violation of the Act, Plaintiffs and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiffs, KEILEEN PRADA and YOLIED GALLARDO demand judgment against Defendant, ALDO U.S. INC., for the payment of all overtime hours at one and one-half their regular rates of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: November 7, 2016

**JACOB AUERBACH P.A.**

By: */s/ Jacob Auerbach*
Jacob Auerbach, Esq.
Florida Bar No. 0084003
5521 N. University Drive, Suite 204
Coral Springs, FL  33067
Phone: (954) 906-8228
Jacob@aalawllc.com
*Attorney for Plaintiffs*