UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62631-WJZ

KEILEEN PRADA and YOLIED GALLARDO
on behalf of themselves and others similarly situated
under 29 U.S.C. 216(b)

    Plaintiff,

vs.

ALDO U.S., INC.

    Defendant.
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND STIPULATED DIMISSAL WITH PREJUDICE**

    Plaintiffs, KEILEEN PRADA and YOLIED GALLARDO ("Plaintiffs"), and Defendant, ALDO U.S., INC. ("Defendant"), by and through their undersigned counsel, file this Joint Motion for Approval of the Parties' Settlement and Stipulated Dismissal with Prejudice and respectfully state as follows:

    1.    In their Amended Complaint, Plaintiffs allege that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C., *et seq*. ("FLSA") by not compensating Plaintiffs and other similarly situated employees for all of the hours they worked in excess of forty (40) in one or more workweeks. (*See* D.E. 14).

    2.    Defendant denies any wrongdoing under the FLSA, and denies that Plaintiffs are entitled to any relief whatsoever insofar as Plaintiffs, who were retail store managers, were properly classified as exempt pursuant to the executive and/or administrative exemptions.

    3.    The Parties recognize that litigation is costly and the outcome is uncertain. Thus, to avoid the costs and uncertainty of further litigation, the Parties negotiated a settlement.

4. The Parties jointly submit that their settlements are a fair and reasonable solution of the disputes between the Parties. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, as well as the claims and defenses, that the settlements present a fair and reasonable resolution of Plaintiffs' claims.

5. The Parties' Settlement Agreements are attached as **Exhibit A**.

6. In accordance with the applicable requirements for settling a FLSA claim, the Parties hereby seek the Court's approval of the settlements reached in this matter.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the Parties' settlements is to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlements reflect a reasonable compromise over issues that are actually in dispute, the Court

may approve the settlements "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlements are fair and reasonable, the Court may consider the following factors:

>  (1)  the existence of fraud or collusion behind the settlement;
>  (2)  the complexity, expense, and likely duration of the litigation;
>  (3)  the stage of the proceedings and the amount of discovery completed;
>  (4)  the probability of Plaintiff's success on the merits;
>  (5)  the range of possible recovery; and
>  (6)  the opinions of the counsel.

See *Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *4(M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Id.*

The settlements reached in this case did not involve coercion, collusion or any undue influence, but were instead agreed upon voluntarily and after due consideration and extended negotiations. To this end, Plaintiffs and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreements represent a reasonable compromise of Plaintiffs' claims, including FLSA liability, computation of back wages, and the application of various defenses Defendant has raised in opposition to Plaintiffs' claims which, if successful, would operate as a complete bar to Plaintiffs' claims. Furthermore, the attorneys' fees and costs being paid by Defendant under the Parties' settlements are in full satisfaction of all attorneys' fees and costs owed to Plaintiffs' counsel, and Plaintiffs have no further obligation to Plaintiffs' counsel for any additional attorneys' fees or costs.

Based upon the facts and circumstances of this case, the Parties jointly advise the Court that the amounts Defendant has agreed to pay under the terms of the Parties' Agreements are a

fair and reasonable settlement of *bona fide* disputes. The Parties therefore respectfully submit that the Parties' settlements should be approved by the Court consistent with applicable precedent, including *Lynn's Food,* 679 F.2d at 1353.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlements fair and reasonable, dismissing the case with prejudice, and granting such other and further relief as is appropriate.

Respectfully submitted this 13th day of February 2017.

| | |
|---|---|
| By: s/ Jacob Auerbach<br>Jacob Auerbach, Esq.<br>Florida Bar No.: 0084003<br>Email: Jacob@aalawllc.com<br>Dana M. Gallup, Esq.<br>Florida Bar No. 0949329<br>E-mail: dgallup@gallup-law.com<br>**GALLUP AUERBACH**<br>5521 N. University Drive, Suite 204<br>Coral Springs, FL 33067<br>Telephone: (954) 906-8228<br>***Attorneys for Plaintiffs*** | By: s/Jessica T. Travers<br>Jessica Travers, Esq.<br>Florida Bar No.: 0018129<br>Email: jtravers@littler.com<br>Terron L. Clark, Esq.<br>Florida Bar No.: 104944<br>Email: tclark@littler.com<br>**LITTLR MENDELSON, P.C**<br>333 SE 2nd Ave, Suite 2700<br>Miami, FL 33131<br>Telephone: (305) 400-7500<br>Facsimile: (305) 603-2552<br>***Attorneys for Defendant*** |

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 13th day of February, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                        BY: s/ Jessica T. Travers
                              Jessica T. Travers, Esq.

## SERVICE LIST

Jacob Auerbach, Esq.
Florida Bar No. 0084003
E-mail: Jacob@aalawllc.com
Dana M. Gallup, Esq.
Florida Bar No. 0949329
E-mail: dgallup@gallup-law.com
**GALLUP AUERBACH**
5521 N. University Drive, Suite 204
Coral Springs, FL 33067
Tel: (954) 906-8228
Served Via  CM/ECF

*COUNSEL FOR PLAINTIFFS*

Jessica T. Travers, Esq.
Florida Bar No. 0018129
Email:  jtravers@littler.com
Terron L. Clark, Esq.
Florida Bar No. 104944
Email: tclark@littler.com
**LITTLER MENDELSON, P.C**.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*COUNSEL FOR DEFENDANT*