# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-62631-WJZ

KEILEEN PRADA and YOLIED GALLARDO
on behalf of themselves and others similarly situated
under 29 U.S.C. 216(b)

    Plaintiff,

vs.

ALDO U.S., INC.

    Defendant.

_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter referred to as the "AGREEMENT") is made and entered into by and between PLAINTIFF, KEILEEN PRADA (hereinafter referred to as "PLAINTIFF"), and DEFENDANT, ALDO U.S., INC. (hereinafter referred to as "ALDO").

WHEREAS, PLAINTIFF has pending against ALDO an action in the U.S. District Court, Southern District of Florida captioned *Keileen Prada and Yolied Gallardo v. Aldo U.S., Inc.*, CASE NO: 16-CV-62631 (hereinafter referred to as "the LAWSUIT");

WHEREAS, ALDO denies all allegations made in the LAWSUIT;

WHEREAS, PLAINTIFF and ALDO (collectively the "Parties") desire to settle fully and finally any and all claims of PLAINTIFF that could have been or were raised in the LAWSUIT;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. **Definitions**: Throughout this AGREEMENT, the term "ALDO" shall include the following:

   a. Aldo U.S., Inc., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Aldo U.S., Inc. and;

   b. Any officer, director, trustee, attorney, agent, employee, or insurer of an entity encompassed by subparagraph (a).

2. **Consideration**: In consideration for this AGREEMENT:

   a. ALDO shall pay to PLAINTIFF the gross amount of SIX THOUSAND NINE HUNDRED THIRTY-NINE DOLLARS AND FIFTEEN CENTS ($6,939.15). Said amount shall be paid in three separate checks, as follows:

      i. One check in the amount of $1,979.86 payable to PLAINTIFF Keileen Prada as wages, minus withholdings and deductions

Initials: KP•YM
Firmwide:145367907.3 068158.1017

    ii. One check in the amount of $1,979.86 payable to PLAINTIFF Keileen Prada on a 1099 basis; and

    iii. One check in the amount of $2,979.43 payable to PLAINTIFF's legal counsel, Gallup Auerbach, LLC, for which a 1099 shall be issued.

ALDO shall provide the consideration identified in this paragraph 2(a) within fifteen days after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by PLAINTIFF; (2) the Court's Order approving this AGREEMENT and dismissing this LAWSUIT with prejudice; and (3) fully-executed W9 forms from PLAINTIFF and her legal counsel. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after ALDO has received all of the items described in this paragraph).

  b. PLAINTIFF agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of her claims under the Fair Labor Standards Act ("FLSA") or any similar state wage law and shall constitute the entire amount of monetary consideration to be provided to PLAINTIFF pursuant to this AGREEMENT. PLAINTIFF agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this AGREEMENT.

  c. PLAINTIFF acknowledges and agrees that ALDO has made no representations to PLAINTIFF regarding the tax consequences of any amounts received by PLAINTIFF or her counsel pursuant to this AGREEMENT. PLAINTIFF agrees to pay federal or state taxes that are required by law to be paid with respect to this AGREEMENT. In the event that ALDO is notified by any taxing authority that a portion of said settlement amount should have been withheld, PLAINTIFF shall be notified within twenty (20) days by ALDO in order to allow PLAINTIFF to contest any such alleged obligation. If it is finally determined that ALDO is required to pay both its tax obligation and the tax obligation of PLAINTIFF regarding the settlement amount paid to PLAINTIFF, then PLAINTIFF will indemnify ALDO for payment of PLAINTIFF'S tax obligations and any related assessed interest and penalties.

3. **Dismissal:** In conjunction with signing the AGREEMENT, PLAINTIFF will cause the LAWSUIT to be dismissed with prejudice. This AGREEMENT is expressly conditioned upon full and proper execution by PLAINTIFF of all documents and conditions necessary to obtain the actual dismissal with prejudice by the Court of all of the causes of action alleged in the LAWSUIT. If the Court refuses or fails to dismiss the entire LAWSUIT with prejudice, this AGREEMENT shall be null and void and the Consideration set forth in Paragraph 2 will not be due and owing to PLAINTIFF and must be returned if payment has been tendered.

4. **General Release of Claims:** In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFF, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges ALDO of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses,

Initials: HPDM
Firmwide:145367907.1 063858.1017

and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PLAINTIFF may now have or has ever had relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages; back pay; front pay; reinstatement; damages; or benefits. PLAINTIFF releases any and all claims she may have that arose prior to the Effective Date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including but not limited to:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, Florida Statutes;
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, et seq., Florida Statutes;
- Florida's Workers' Compensation Statutes, Fla. Stat. Ch. 440;
- Florida's Workers' Compensation Anti-Retaliation Provision, Fla. Stat. § 440.205;
- Florida's Wage Rate Provision, § 448.07, Florida Statutes;
- Florida's Attorneys' Fee Recovery in Wage Claims, Fla. Stat. § 448.08;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246;
- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters;

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions

Initials: [initials]
Firmwide:145367907.3 068858.1017

(including compensation and benefits) of PLAINTIFF'S employment with ALDO and this Lawsuit, which she now has or shall have as of the Effective Date of this Agreement.

PLAINTIFF expressly releases any and all claims she may have that arose prior to the Effective Date of this AGREEMENT under the Fair Labor Standards Act and Florida Minimum Wage Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights PLAINTIFF may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Nothing in this AGREEMENT prevents PLAINTIFF from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the National Labor Relations Act to engage in joint activity with other employees, although by signing this AGREMENT, PLAINTIFF is waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited. PLAINTIFF understands and agrees that she is releasing ALDO from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by PLAINTIFF or on PLAINTIFF'S behalf.

In exchange for PLAINTIFF entering into this Agreement and for the other consideration herein, ALDO releases PLAINTIFF from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that ALDO once had or now has, whether arising out of PLAINTIFF'S employment, or otherwise, and whether such claims are now known or unknown to ALDO from the beginning of the world to the date of these presents. Through this Agreement, ALDO provides a general release in favor of PLAINTIFF, exclusive of the obligations and promises contained in this AGREEMENT.

5. **No Admission:** This AGREEMENT and compliance with this AGREEMENT shall not be construed as an admission by ALDO, or ALDO's employees of any liability whatsoever, or as admission by ALDO of any violation of the rights of PLAINTIFF, violation of any order, law, statute, duty or contract whatsoever. ALDO specifically disclaims any liability to PLAINTIFF for any alleged violation of her rights, or for any alleged violation of any order, law, statute, duty or contract on the part of ALDO or its employees, agents or successors.

6. **Affirmations:** PLAINTIFF represents and affirms that upon delivery by ALDO of the Settlement Sum to PLAINTIFF'S COUNSEL, PLAINTIFF shall not be entitled to seek any further leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits except as provided for in this AGREEMENT.

7. **No Further Employment:** PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain employment with ALDO. In the event that PLAINTIFF is ever mistakenly employed by ALDO, PLAINTIFF agrees to have her employment terminated with no resulting claim or cause of action against ALDO.

Initials: HPM
Firmwide:145367907.3 068858.1017

8. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

9. **Confidentiality:** Subject to the requirement to submit this Agreement to the district court for approval, PLAINTIFF agrees that neither she nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning the terms of this AGREEMENT to any third person(s), including, but not limited to, representatives of the media or other present or former associates of ALDO, under any circumstances, except PLAINTIFF may disclose the terms of this AGREEMENT to her attorneys, spouse, immediate family, accountants, tax advisors, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 9 and all of its subparts. Additionally, PLAINTIFF agrees that she will not post or disclose, directly or indirectly, any information concerning the terms of this AGREEMENT to any social media websites, including, but not limited to, Linkedin, Twitter, Instagram, Facebook, Snapchat, and Myspace, under any circumstances whatsoever.

10. **Non-Disparagement:** PLAINTIFF agrees that she will not provide information, issue statements, or take any action, directly or indirectly, that would cause ALDO embarrassment or humiliation or otherwise cause or contribute to ALDO being held in disrepute. However, nothing in this subsection shall prohibit PLAINTIFF from complying with any lawful subpoena or court order or taking any other actions affirmatively authorized by law.

11. **Successors and Assigns:** This AGREEMENT shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. PLAINTIFF expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this AGREEMENT.

12. **Severability:** Should any provision of this AGREEMENT be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

13. **Modification:** The parties hereto represent and acknowledge that in executing this AGREEMENT they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this AGREEMENT or otherwise, other than those specifically stated in this written AGREEMENT. This AGREEMENT may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

Initials: HPPM
Firmwide:145367907.3 068858.1017

14. **Interpretation and Governing Law**: This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This AGREEMENT is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida.

15. **Enforcement**: It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

16. **Entire Agreement**: This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior agreement between the parties. PLAINTIFF acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

17. **Selective Enforcement**: The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

18. **Counterparts**: This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE THE CLAIMS SHE HAVE OR MIGHT HAVE AGAINST ALDO AS SET FORTH IN PARAGRAPH 4.

ACCEPTED AND AGREED:

Dated: 2/1/17

By: *Keileen Prada*
KEILEEN PRADA

Dated: 2/1/17

FOR ALDO USA, Inc.

By: *[signature]*
Name: MARYSE WARD
Title: Director, H.R.

Initials: KPM
Firmwide:145367907.3 068858.1017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 16-CV-62631-WJZ**

KEILEEN PRADA and YOLIED GALLARDO
on behalf of themselves and others similarly situated
under 29 U.S.C. 216(b)

     Plaintiff,

vs.

ALDO U.S., INC.

     Defendant.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter referred to as the "AGREEMENT") is made and entered into by and between PLAINTIFF, YOLIED GALLARDO (hereinafter referred to as "PLAINTIFF"), and DEFENDANT, ALDO U.S., INC. (hereinafter referred to as "ALDO").

WHEREAS, PLAINTIFF has pending against ALDO an action in the U.S. District Court, Southern District of Florida captioned *Keileen Prada and Yolied Gallardo v. Aldo U.S., Inc.*, CASE NO: 16-CV-62631 (hereinafter referred to as "the LAWSUIT");

WHEREAS, ALDO denies all allegations made in the LAWSUIT;

WHEREAS, PLAINTIFF and ALDO (collectively the "Parties") desire to settle fully and finally any and all claims of PLAINTIFF that could have been or were raised in the LAWSUIT;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. **Definitions:** Throughout this AGREEMENT, the term "ALDO" shall include the following:

    a. Aldo U.S., Inc., as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Aldo U.S., Inc. and;

    b. Any officer, director, trustee, attorney, agent, employee, or insurer of an entity encompassed by subparagraph (a).

2. **Consideration:** In consideration for this AGREEMENT:

    a. ALDO shall pay to PLAINTIFF the gross amount of TEN THOUSAND FIVE HUNDRED SIXTY DOLLARS AND EIGHTY-FIVE CENTS ($10,560.85). Said amount shall be paid in three separate checks, as follows:

        i. One check in the amount of $3,130.43 payable to PLAINTIFF Yolied Gallardo as wages, minus withholdings and deductions

Initials: YG
Firmwide:145373961.3 068854.1017

Page 2 of 6

    ii.    One check in the amount of $3,130.42 payable to PLAINTIFF Yolied Gallardo on a 1099 basis; and

    iii.    One check in the amount of $4,300.00 payable to PLAINTIFF's legal counsel, Gallup Auerbach, LLC, for which a 1099 shall be issued.

ALDO shall provide the consideration identified in this paragraph 2(a) within fifteen days after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by PLAINTIFF; (2) the Court's Order approving this AGREEMENT and dismissing this LAWSUIT with prejudice; and (3) fully-executed W9 forms from PLAINTIFF and her legal counsel. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after ALDO has received all of the items described in this paragraph).

b.    PLAINTIFF agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of her claims under the Fair Labor Standards Act ("FLSA") or any similar state wage law and shall constitute the entire amount of monetary consideration to be provided to PLAINTIFF pursuant to this AGREEMENT. PLAINTIFF agrees that she will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this AGREEMENT.

c.    PLAINTIFF acknowledges and agrees that ALDO has made no representations to PLAINTIFF regarding the tax consequences of any amounts received by PLAINTIFF or her counsel pursuant to this AGREEMENT. PLAINTIFF agrees to pay federal or state taxes that are required by law to be paid with respect to this AGREEMENT. In the event that ALDO is notified by any taxing authority that a portion of said settlement amount should have been withheld, PLAINTIFF shall be notified within twenty (20) days by ALDO in order to allow PLAINTIFF to contest any such alleged obligation. If it is finally determined that ALDO is required to pay both its tax obligation and the tax obligation of PLAINTIFF regarding the settlement amount paid to PLAINTIFF, then PLAINTIFF will indemnify ALDO for payment of PLAINTIFF'S tax obligations and any related assessed interest and penalties.

3.    **Dismissal**: In conjunction with signing the AGREEMENT, PLAINTIFF will cause her LAWSUIT to be dismissed with prejudice. This AGREEMENT is expressly conditioned upon full and proper execution by PLAINTIFF of all documents and conditions necessary to obtain the actual dismissal with prejudice by the Court of all of the causes of action alleged in the LAWSUIT. If the Court refuses or fails to dismiss the entire LAWSUIT with prejudice, this AGREEMENT shall be null and void and the Consideration set forth in Paragraph 2 will not be due and owing to PLAINTIFF and must be returned if payment has been tendered.

4.    **General Release of Claims**: In exchange for, and in consideration of, the payments, benefits, and other commitments described above, PLAINTIFF, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges ALDO of and from any and all claims, liabilities, causes of action, damages, costs, attorneys' fees, expenses,

Initials: YG
Firmwide:145373981.3 068858.1017

Page 3 of 6

and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that PLAINTIFF may now have or has ever had relating directly or indirectly to the allegations in the Lawsuit, including, but not limited to, claims for wages; back pay; front pay; reinstatement; damages; or benefits. PLAINTIFF releases any and all claims she may have that arose prior to the Effective Date of this AGREEMENT, and hereby specifically waives and releases all claims, including, but not limited to, those arising under any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, employment contract (express or implied), public policy, wrongful discharge, or any other claim, including but not limited to:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, Florida Statutes;
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, et seq., Florida Statutes;
- Florida's Workers' Compensation Statutes, Fla. Stat. Ch. 440;
- Florida's Workers' Compensation Anti-Retaliation Provision, Fla. Stat. § 440.205;
- Florida's Wage Rate Provision, § 448.07, Florida Statutes;
- Florida's Attorneys' Fee Recovery in Wage Claims, Fla. Stat. § 448.08;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246;
- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters;

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions

Initials: _____ VG
Firmwide:145373981.3 068858.1017

(including compensation and benefits) of PLAINTIFF'S employment with ALDO and this Lawsuit, which she now has or shall have as of the Effective Date of this Agreement.

PLAINTIFF expressly releases any and all claims she may have that arose prior to the Effective Date of this AGREEMENT under the Fair Labor Standards Act and Florida Minimum Wage Act.

This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT. Nothing in this paragraph or this AGREEMENT is intended to limit or restrict any rights PLAINTIFF may have to enforce this AGREEMENT or challenge the AGREEMENT'S validity under the ADEA, or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished. Nothing in this AGREEMENT prevents PLAINTIFF from filing a charge or complaint with or from participating in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, National Labor Relations Board, or any other federal, state or local agency charged with the enforcement of any laws, or from exercising rights under Section 7 of the National Labor Relations Act to engage in joint activity with other employees, although by signing this AGREEMENT, PLAINTIFF is waiving rights to individual relief based on claims asserted in such a charge or complaint, except where such waiver of individual relief is prohibited. PLAINTIFF understands and agrees that she is releasing ALDO from any and all claims by which she is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by PLAINTIFF or on PLAINTIFF'S behalf.

In exchange for PLAINTIFF entering into this Agreement and for the other consideration herein, ALDO releases PLAINTIFF from any and all damages, complaints, claims, charges, actions and causes of action of any kind or nature that ALDO once had or now has, whether arising out of PLAINTIFF'S employment, or otherwise, and whether such claims are now known or unknown to ALDO from the beginning of the world to the date of these presents. Through this Agreement, ALDO provides a general release in favor of PLAINTIFF, exclusive of the obligations and promises contained in this AGREEMENT.

5. **No Admission**: This AGREEMENT and compliance with this AGREEMENT shall not be construed as an admission by ALDO, or ALDO's employees of any liability whatsoever, or as admission by ALDO of any violation of the rights of PLAINTIFF, violation of any order, law, statute, duty or contract whatsoever. ALDO specifically disclaims any liability to PLAINTIFF for any alleged violation of her rights, or for any alleged violation of any order, law, statute, duty or contract on the part of ALDO or its employees, agents or successors.

6. **Affirmations**: PLAINTIFF represents and affirms that upon delivery by ALDO of the Settlement Sum to PLAINTIFF'S COUNSEL, PLAINTIFF shall not be entitled to seek any further leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits except as provided for in this AGREEMENT.

7. **No Further Employment**: PLAINTIFF permanently, unequivocally, and unconditionally waives any and all rights PLAINTIFF may now have, may have had in the past, or may have in the future to obtain employment with ALDO. In the event that PLAINTIFF is ever mistakenly employed by ALDO, PLAINTIFF agrees to have her employment terminated with no resulting claim or cause of action against ALDO.

Initials: YV
Firmwide:145373981.3 068858.1017

8. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

9. **Confidentiality:** Subject to the requirement to submit this Agreement to the district court for approval, PLAINTIFF agrees that neither she nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning the terms of this AGREEMENT to any third person(s), including, but not limited to, representatives of the media or other present or former associates of ALDO, under any circumstances, except PLAINTIFF may disclose the terms of this AGREEMENT to her attorneys, spouse, immediate family, accountants, tax advisors, the Internal Revenue Service, or as otherwise required by law ("Third Parties"), provided, however, that the Third Parties to whom such disclosure is made shall agree in advance to be bound by the terms of this paragraph 9 and all of its subparts. Additionally, PLAINTIFF agrees that she will not post or disclose, directly or indirectly, any information concerning the terms of this AGREEMENT to any social media websites, including, but not limited to, Linkedin, Twitter, Instagram, Facebook, Snapchat, and Myspace, under any circumstances whatsoever.

10. **Non-Disparagement:** PLAINTIFF agrees that she will not provide information, issue statements, or take any action, directly or indirectly, that would cause ALDO embarrassment or humiliation or otherwise cause or contribute to ALDO being held in disrepute. However, nothing in this subsection shall prohibit PLAINTIFF from complying with any lawful subpoena or court order or taking any other actions affirmatively authorized by law.

11. **Successors and Assigns:** This AGREEMENT shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. PLAINTIFF expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this AGREEMENT.

12. **Severability:** Should any provision of this AGREEMENT be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

13. **Modification:** The parties hereto represent and acknowledge that in executing this AGREEMENT they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this AGREEMENT or otherwise, other than those specifically stated in this written AGREEMENT. This AGREEMENT may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

Initials: _VV__
Firmwide:145373981.3 068858.1017

Page 6 of 6

14. **Interpretation and Governing Law:** This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This AGREEMENT is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida.

15. **Enforcement:** It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

16. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the parties hereto, and fully supersedes any prior agreement between the parties. PLAINTIFF acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

17. **Selective Enforcement:** The Parties agree that the failure of any party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

18. **Counterparts:** This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE THE CLAIMS SHE HAVE OR MIGHT HAVE AGAINST ALDO AS SET FORTH IN PARAGRAPH 4.**

ACCEPTED AND AGREED:

Dated: 2.1.17

By: _____
YOLIED GALLARDO

Dated: 02.09.17

FOR ALDO USA, Inc.

By: _____
Name: MARYSE WARD
Title: Director, H.R.

Initials: YG
Firmwide:145373981.3 068858.1017